LEONITE IRVING
Plaintiff's full name(s)

54703-007
Prisoner or registration number

POST OFFICE BOX 300
Street address or postal box number

WAYMART, PA 18472
City, state and zip code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Civil Action No  Case: 1:19-cv-03818 (F Deck)
Assigned To : Unassigned
Assign. Date : 12/20/2019
Description: Pro Se Gen. Civil

LEONITE IRVING
_____ Plaintiff(s)
Full name(s) (Do not use *et al.*)

v.

DISTRICT OF COLUMBIA

MURIEL BOWSER

QUINCY L. BOOTH

JOHN DOE

_____ Defendant(s).
(Enter above the full name of ALL defendants in this action.
<u>Do not use "et al."</u>)

RECEIVED
Mail Room
DEC - 2 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**RECEIVED**
DEC 20 2019
Clerk, U.S. District and
Bankruptcy Courts

## CIVIL RIGHTS COMPLAINT

## I. Parties

### A. Plaintiff's Information:

Name and Prisoner Number of Plaintiff: Leonite Irving

Present Place of Confinement or Mailing Address: United States Penitentiary Canaan, Post Office Box 300, Waymart, PA 18472

### B. Defendant's Information: *(NOTE: To provide information about more defendants than there is room for here, use this format on another sheet of paper.)*

Name of Defendant 1: District of Columbia (Sued in official capacity)

Title (If applicable): N/A

Address of Defendant: 1350 Pennsylvania Avenue, NW
Washington, DC 20004

Name of Defendant 2: Muriel Bowser (Sued in official & individual capacity)

Title (If applicable): Mayor

Address of Defendant: 1350 Pennsylvania Avenue, NW
Washington, DC 20004

Name of Defendant 3: Quincy L. Booth (Sued in official capacity)

Title (If applicable): Director D.C. Department of Corrections

Address of Defendant: 1901 D Street, SE
Washington, DC 20003

Name of Defendant 4: John Doe (Sued in official capacity)

Title (If applicable): Warden D.C. Jail

Address of Defendant: 1901 D Street, SE Washington, DC 20003

## II. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. *(If you wish to assert jurisdiction under additional statutes, you may fill in the title and section below.)*

_____ U.S.C. § _____

_____ U.S.C. § _____

## III. Basis for Claims

Check any Applicable Item(s):

✓ Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (state, county, or municipal defendants)

_____ Complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

_____ Other (cite statute, if known)_____

## IV. Claims

BRIEFLY state the background of your case:

1. On March 18, 2019, I was being held at the D.C. Jail.

2. Around 11:00 or 12:00, I was leaving the law library, going back to me Unit (SW-2)

3. When I entered my housing unit, I turned around to ask someone, something, inmate-A started stabbing me (attachment)

**Claim I:** (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

The District of Columbia, Mayor Muriel Bowser, D.C. DOC Director Quincy L. Booth & D.C. Jail Warden John Doe is deliberate indefference

4. I tried to run and get away but sally port gates were closed.

5. The Unit officers stood by and watched.

6. After the ERT officers came and broke it up, I already had received "8 stab wounds", to the body and head.

7. I was then rushed to the outside hospital, receiving numerous stitches to close the stab wounds.

to the serious risk of inmate on inmate violence that threatened Irving safety and proximately caused his injuries, in contravention of his rights under the 5TH Amendment (EX-A, EX-B)

**Claim II:** The defendants was deliberate indifference to the serious risk of inmate on inmate violence that threatened Irving safety and proximately caused his injuries, in contravention of his right under the 8TH Amendment (EX-A, EX-B)

**Claim III:** The defendants failed to protect Irving in light of the inmate on inmate violence (EX-A, EX-B)

### V. Previous Lawsuits and Administrative Relief

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

_____ Yes  ✓ No

If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "IV. Previous Lawsuits and Administrative Relief".)

a. Parties to previous lawsuit:

Plaintiff(s): N/A

Defendant(s): N/A

b. Name and location of court and docket number: N/A

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) N/A

d. Issues raised: N/A

e. Approximate date of filing lawsuit: N/A

f. Approximate date of disposition: N/A


2. I have previously exhausted available administrative remedies regarding the or events acts complained of in Part III of this complaint. _____ Yes _____ No

If your answer is "Yes," briefly describe how relief was sought and the result:

N/A

N/A

N/A


### VI. Previously Dismissed Actions or Appeals

1. If you are proceeding under 28 U.S.C. §1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "V. Previously Dismissed Actions or Appeals."

a. Parties to previous lawsuit:

   Plaintiff(s): N/A

   Defendant(s): N/A

b. Name and location of court and docket number: N/A

c. Grounds for dismissal:

( ) frivolous  ( ) malicious  ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: N/A

e. Approximate date of disposition: N/A

## VII. Request for Relief

I request the following relief:

Monetary damages in the amount of 5 million dollars for pain and suffering, mental anguish

_____  _____
Signature of attorney (if any)   Plaintiff's Signature

Date: 11/23/19

> **PEARL BEALE et al., Plaintiffs, v. DISTRICT OF COLUMBIA et al., Defendants.**
> UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
> 545 F. Supp. 2d 8; 2008 U.S. Dist. LEXIS 25837
> Civil Action No.: 04-959 (RMU), Document No.: 95
> March 31, 2008, Decided

**Counsel** For PEARL BEALE, Personal Representative of the Estate of Givon Pendleton and Legal Representative of Givon Pendleton, Plaintiff: Edward Holden Rippey, LEAD ATTORNEY, COVINGTON & BURLING, Washington, DC; Timothy Laszlo Jucovy, LEAD ATTORNEY, COVINGTON & BURLING LLP, Washington, DC; Andrew W. Lamb, Kimberly S, McNish, COVINGTON & BURLING, LLP, Washington, DC; Edward Michael Mathias, AXINN, VELTROP & HARKRIDER, LLP, Hartford, CT; Joseph Zambuto, Jr., COVINGTON & BURLING, Washington, DC; Douglas Reid Sparks, SPARKS & SILBER, LLP, Washington, DC; Ivy Ann Lange, Washington Lawyers' Committee for Civil Rights and Urba, Washington, DC; Philip J. Fornaci, D.C. PRISONERS LEGAL SERVICES PROJECT, Washington, DC.

For BRADLEY RAYMOND AUTMAN, Plaintiff: Edward Holden Rippey, LEAD ATTORNEY, COVINGTON & BURLING, Washington, DC; Timothy Laszlo Jucovy, LEAD ATTORNEY, COVINGTON & BURLING LLP, Washington, DC; Andrew W. Lamb, Kimberly S, McNish, COVINGTON & BURLING, LLP, Washington, DC; Edward Michael Mathias, AXINN, VELTROP & HARKRIDER, LLP, Hartford, CT; Joseph Zambuto, Jr., COVINGTON & BURLING, Washington, DC; Ivy Ann Lange, Washington Lawyers' Committee for Civil Rights and Urba, Washington, DC; Philip {2008 U.S. Dist. LEXIS 2}J. Fornaci, D.C. PRISONERS LEGAL SERVICES PROJECT, Washington, DC.

For DISTRICT OF COLUMBIA, Defendant: Corliss Vaughn Adams, LEAD ATTORNEY, OFFICE OF THE ATTORNEY GENERAL, Washington, DC; Shameka L. Gainey, LEAD ATTORNEY, FULBRIGHT & JAWORSKI, LLP, Washington, DC; Zuberi Bakari Williams, OFFICE OF THE ATTORNEY GENERAL FOR DC, Washington, DC. Patricia Ann Jones, OFFICE OF THE ATTORNEY GENERAL, Washington, DC.

For STEVEN A. SMITH, Individually and in his official capacity as Warden, **DC Jail**, DENNIS HARRISON, Individually and in his official capacity as Deputy Warden for Programs, **DC Jail**, MARVIN L. BROWN, Individually, OBIE WASHINGTON, Individually and in his official capacity as Director, DC Department of Corrections, Defendants: Corliss Vaughn Adams, LEAD ATTORNEY, OFFICE OF THE ATTORNEY GENERAL, Washington, DC; Shameka L. Gainey, LEAD ATTORNEY, FULBRIGHT & JAWORSKI, LLP, Washington, DC; Zuberi Bakari Williams, OFFICE OF THE ATTORNEY GENERAL FOR DC, Washington, DC.

**Judges:** RICARDO M. URBINA, United States District Judge.

**CASE SUMMARY**

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*EXHIBIT-A*

## II. BACKGROUND

### A. Factual History

On December 11, 2002, Dominic Jones, an inmate at the D.C. Jail, fatally stabbed Givon Pendleton, a pretrial detainee at the D.C. Jail. Am. Compl. P 2. On December 13, 2002, an unknown inmate at the D.C. Jail stabbed inmate Bradley Raymond Autman in the neck. 1 *Id.* at 3. The following day, a third stabbing, this time of inmate Mikal Gaither, took place in a housing unit of the D.C. Jail. *Id.* at 4. Gaither died as a result of the stabbing wounds the following day. *Id.*

Decedent Givon Pendleton's mother, Pearl Beale, and stabbing victim Bradley Raymond Autman bring this suit against the District of Columbia; Odie Washington, the director of the D.C. Department of Corrections; Marvin Brown, the retired Warden of the D.C. Jail; Dennis Harrison, the Deputy Warden; and Steven Smith, the current Warden. *See* Am. Compl. According to the plaintiffs, these stabbings occurred soon after {2008 U.S. Dist. LEXIS 5}a population explosion at the jail following the expiration of a judicially created population cap and were the result of "unconstitutional conditions at the Jail as well as negligence of District officials in operating that facility." *Id.* P 5.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Stmt. ¶ 33. It was impossible to maintain visual supervision over the entire cellblock with less than three correctional officers. Pl.'s Resp. Stmt. ¶ 35; Defs.' Reply Stmt. ¶ 35. The "bubble officer" could not see into the cells, parts of the gym, and several areas of the cellblock tiers. Pl.'s Resp. Stmt. ¶ 35; {2011 U.S. Dist. LEXIS 6}Defs.' Reply Stmt. ¶ 35. Meanwhile, a single "floor officer" could not see cells on the opposite side of the cellblock or on the other side of the tier. Pl.'s Resp. Stmt. ¶ 35; Defs.' Reply Stmt. ¶ 35. The difficulties in supervising inmates on the cellblock were compounded when all 160 inmates housed in NE-3 were released from their cells at once. Pl.'s Resp. Stmt. ¶ 37; Defs.' Reply Stmt. ¶ 37.

In December 2002, two similar incidents of violence at the Central Detention {2011 U.S. Dist. LEXIS 7}Facility preceded Gaither's stabbing, albeit in different cellblocks. While the Defendant Correctional Officers maintain that they were unaware of these prior incidents, there is evidence in the record that would permit a reasonable trier of fact to infer that such information was passed on to the Defendant Correctional Officers at roll calls prior to Gaither's stabbing. Dep. of Gary A. Binson ("Binson Dep."), ECF Nos. [233-3], [238-2], at 133, 138-39; Dep. of Marvin L. Brown ("Brown Dep."), ECF No. [238-3], at 228-30; Am. Resps. to Reqs. for Admission, ECF No. [238-15], at 5-6

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT-B

| ESTATE OF MIKAL R. GAITHER, by and through Pearl Gaither, Personal Representative, Plaintiff, v. DISTRICT OF COLUMBIA, et al., Defendants. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA 833 F. Supp. 2d 110; 2011 U.S. Dist. LEXIS 145373 Civil Action No. 03-01458 (CKK) December 19, 2011, Decided December 19, 2011, Filed |
|---|

**Editorial Information: Subsequent History**

Motion to strike granted by, Motion denied by Estate of Gaither v. District of Columbia, 831 F. Supp. 2d 56, 2011 U.S. Dist. LEXIS 145374 (D.D.C., Dec. 19, 2011)

**Editorial Information: Prior History**

Estate of Gaither v. District of Columbia, 272 F.R.D. 248, 2011 U.S. Dist. LEXIS 18563 (D.D.C., 2011)

**Counsel** For PEARL GAITHER, Personal Representative of the Estate of Mikal R. Gaither, Plaintiff: Eric I. Goldberg, John Moustakas, Kartik N. Venguswamy, Richard Lee Matheny, III, GOODWIN PROCTER, LLP, Washington, DC.
For DISTRICT OF COLUMBIA, Defendant: Shameka L. Gainey, LEAD ATTORNEY, FULBRIGHT & JAWORSKI, LLP, Washington, DC; Eric Sebastian Glover, OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF D.C., Civil Litigation Division, Washington, DC; Michael J. Lanzdorf, OFFICE OF THE ATTORNEY GENERAL FOR D.C., Washington, DC; Phillip A. Lattimore, III, OFFICE OF THE ATTORNEY GENERAL, Washington, DC.
For ODIE WASHINGTON, Director, Department of Corrections, MARVIN L. BROWN, Warden, **DC Jail**, DENNIS HARRISON, Associate Warden of Operations, ZERLINE BROOKS, Individually, GOUNAD TOPPIN, Individually, Defendants: Shameka L. Gainey, LEAD ATTORNEY, FULBRIGHT & JAWORSKI, LLP, Washington, DC; Phillip A. Lattimore, III, OFFICE OF THE ATTORNEY GENERAL, Washington, DC.
For JOSEPH WHITE, Individually, Defendant: Phillip A. Lattimore, III, OFFICE OF THE ATTORNEY GENERAL, Washington, DC.
**Judges:** COLLEEN KOLLAR-KOTELLY, United States District Judge.

Opinion

**Opinion by:** COLLEEN KOLLAR-KOTELLY

Opinion

### {833 F. Supp. 2d 111} MEMORANDUM OPINION

Plaintiff Pearl Gaither ("Plaintiff"), {2011 U.S. Dist. LEXIS 2}the representative of the estate of Mikal R. Gaither ("Gaither"), brings this action against the District of Columbia and a series of Individual Defendants seeking damages in connection with Gaither's fatal stabbing while he was incarcerated pending sentencing at the District of Columbia's Central Detention Facility. The Individual Defendants in this case fall into two groups: (1) Odie Washington, Marvin L. Brown, and Dennis

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Harrison, three high-ranking officials in the District of Columbia's {833 F. Supp. 2d 112} Department of Corrections or the Central Detention Facility; and (2) Zerline Brooks ("Brooks"), Gounod Toppin ("Toppin"), and Joseph White ("White"), the three line officers that were assigned to Gaither's cellblock on the day of his death (collectively, the "Defendant Correctional Officers").

In this case, Plaintiff claims, among other things, that the Defendant Correctional Officers violated 42 U.S.C. § 1983 ("Section 1983") by acting with "deliberate indifference" to a serious risk of inmate-on-inmate violence that threatened Gaither's safety and proximately caused his death, in contravention of his rights under the Fifth and Eighth Amendments to the United States Constitution. Currently before {2011 U.S. Dist. LEXIS 3}the Court is the Defendant Correctional Officers' [232/233] Motion for Summary Judgment as to Plaintiff's Constitutional Claims Pursuant to 42 U.S.C. § 1983 ("Motion for Summary Judgment"). Relying upon the doctrine of qualified immunity, the Defendant Correctional Officers now seek judgment in their favor on Plaintiff's Section 1983 claims against them in their personal capacities. Upon careful consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court shall GRANT the Defendant Correctional Officers' [232/233] Motion for Summary Judgment.

## I. BACKGROUND

The Court assumes familiarity with its prior opinions in this action, which set forth in detail the extensive factual and procedural background of this case.

*A. Factual Background*

On December 14, 2002, at approximately 5:40 p.m., Gaither was fatally stabbed by fellow inmates while incarcerated in the District's Central Detention Facility. *See Estate of Gaither ex rel. Gaither v. District of Columbia ("Gaither1"),* 655 F. Supp. 2d 69, 74 (D.D.C. 2009). At the time of his death, Gaither was awaiting sentencing in the Superior Court of the District of Columbia, having already pleaded guilty to {2011 U.S. Dist. LEXIS 4}one felony count of distribution of cocaine. *See id.* at 75. The District of Columbia Metropolitan Police Department conducted an investigation into the incident, ultimately concluding that two of Gaither's fellow inmates had forced Gaither into an open cell and proceeded to stab him, resulting in his death. *See id.* at 75-76. Subsequently, a grand jury found that Gaither had been killed because of his involvement in a separate grand jury investigation into the murder of an individual by the name of Kenneth Muldrow. *See id.* at 76.

At the time of his stabbing, Gaither was located in the Northeast Three Cellblock ("NE-3") of the Central Detention Facility. The Defendant Correctional Officers-Brooks, Toppin, and White?were the line officers that were assigned to NE-3 that day. Pl.'s Resp. to Def. Correctional Officers' Stmt. of Material Fact to Which There Is No Genuine Dispute ("Pl.'s Resp. Stmt."), ECF No. [238], ¶¶ 1-3; Resp. to Pl.'s Resp. Stmt. Regarding Material Facts and Suppl. to Def. Correctional Officers' Stmt. of Material Facts Not in Dispute ("Defs.' Reply Stmt."), ECF No. [240-1], ¶¶ 1-3. Toppin was the "bubble officer" and was designated as the "Officer-in-Charge." Pl.'s Resp. {2011 U.S. Dist. LEXIS 5}Stmt. ¶¶ 19, 38; Defs.' Reply Stmt. ¶¶ 19, 38. Brooks and White were serving as "floor officers." Dep. of Zerline W. Brooks ("Brooks Dep."), ECF Nos. [233-2], [238-1], at 17, 119. None of the Defendant Correctional Officers witnessed Gaither's stabbing. Pl.'s Resp. Stmt. ¶ 48; Defs.' Reply Stmt. ¶ 48.

The Defendant Correctional Officers were required to maintain supervision {833 F. Supp. 2d 113} over the cellblock at all times. Pl.'s Resp. Stmt. ¶ 49; Defs.' Reply Stmt. ¶ 49. It is undisputed that the Defendant Correctional Officers did not have a role in establishing formal policies at the Central Detention Facility. Pl.'s Resp. Stmt. ¶¶ 4-6; Defs.' Reply Stmt. ¶¶ 4-6. Nonetheless, at the time of Gaither's stabbing, the Central Detention Facility's "critical minimum staffing" policy required the presence of three correctional officers in NE-3 at all times. 1 Pl.'s Resp. Stmt. ¶ 33; Defs.' Reply

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

LEONTE IRVING # 54703-007
UNITED STATES PENITENTIARY CANAAN
POST OFFICE BOX 300
WAYMART, PA 18472

THIS CORRESPONDENCE IS FROM AN INMATE
CURRENTLY IN THE CUSTODY OF
THE FEDERAL BUREAU OF PRISONS

THIS CORRESPONDENCE IS FROM AN INMATE
CURRENTLY IN THE CUSTODY OF
THE FEDERAL BUREAU OF PRISONS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
OFFICE OF THE CLERK
E. BARRETT PRETTYMAN COURTHOUSE
333 CONSTITUTION AVENUE, N
WASHINGTON, DC 20001